HAMILTON CO. (COMRS.) V. GEORGE F. ALBERS ET AL.

1. TAXATION OF LAND DEDICATED FOR STREETS.

When land lying within a city has been platted into lots and streets as an addition to the town or city, the owner cannot claim a refunder of taxes for a proportionate part of the land dedicated to the public for streets.

[For other cases in point, see 7 Cyc. Dig., "Taxation," §§ 863-865.—Ed.]

2. RIGHT OF AUDITOR TO DIRECT ASSESSOR AS TO VALUATION OF REAL PROPERTY.

A direction to the assessor from the county auditor to appraise newly platted lots at a value, in the aggregate, not less than a certain valuation fixed by the auditor is such an error as will invalidate the appraisement if the assessor was in any way influenced by such direction.

[For other cases in point, see 7 Cyc. Dig., "Taxation," §§ 384-389.—Ed.]

ERROR to Hamilton common pleas court.

**Ampt, Ireton & Collins,** for defendant in error.

**Cobb, Howard & Bailey,** for defendants in error.

GIFFEN, J.

The defendants in error, George F. Albers and Henry W. Kahle, were the owners of a tract of land of ten and one-half acres, the decennial appraisement of which was $11,860. August 14, 1891, they presented to the county auditor a plat, subdividing this tract into fifty-seven lots. The auditor referred the same to the annual assessor and directed him to appraise the lots so that the aggregate tax valuation of said lots should not fall below $18,860.

Subsequently, the assessor returned said subdivision to the county auditor, and valued said fifty-seven lots separately, the valuation aggregating $21,410.

An application was made to the county commissioners for a refunder of taxes paid on the decennial valuation of that part of land dedicated to the public for street purposes, amounting to $2,970, and upon the amount of $7,000, being the difference between the decennial appraisement as shown by the record, and that given by the auditor to the annual assessor. The claim was rejected by the county commissioners, and upon appeal to the court of common pleas, the taxes paid on that part of the land dedicated was allowed and the balance disallowed. The commissioners have filed their petition in error, and Albers et al. a cross petition in error.

In addition to the questions this day decided in the case of *Davis v. Hamilton Co. (Comrs.)* 28 O. C. C. 817, one is presented by the petition in error, to wit: Whether the value of the land dedicated for street

purposes should be deducted from the decennial valuation, and a refunder be allowed of the proportionate amount of the taxes paid on the whole? The other by the cross-petition, to wit: Whether the error of the auditor in directing the assessor to return a valuation of not less than $18,860 while the decennial valuation was only $11,860, was such an error as could be corrected, under Rev. Stat. 1038 (Lan. 2378).

There is no authority under Rev. Stat. 2797 (Lan. 4183) to return the land embraced in the streets for taxation, but the lots shall be entered on the tax list in lieu of the land. There is no finding of fact that the defendants in error paid taxes upon any of the land dedicated, although, under its conclusions of law, the court states that the appellants paid taxes on the property embraced in the streets. We understand the contention of counsel to be, that upon filing the plat with the auditor, it was his duty to deduct from the decennial valuation of the tract of land a proportionate value of the land dedicated to public use.

If our conclusion in the case of *Davis* v. *Hamilton Co.* (*Comrs.*) *supra,* is correct, the valuation of the lots in the subdivision is left to the judgment of the assessor, subject to the limitation that he have regard to the next preceding decennial valuation of real estate.

The purpose of subdividing land into lots and dedicating the streets, and the result which usually follows, is to add value to the lots abutting on such streets, and if the assessor should so find, it would be his duty to assess and return the valuation accordingly. We are of opinion, therefore, that the court erred in allowing the claim for taxes paid on land embraced in the streets.

The direction given by the auditor to the assessor to return a valuation of not less than $18,860 was clearly erroneous, and if it fully entered into the judgment of the assessor in fixing a valuation upon the several lots, it would be such an error as was contemplated under Rev. Stat. 1038 (Lan. 2378), but there is no finding of fact showing that the assessor followed the directions given, except as may be inferred from the valuation returned. The total valuation returned was $21,410, which is $2,550 in excess of the sum below which the assessor was directed not to value the lots.

While we have no doubt that the instructions given influenced to some extent the judgment of the assessor, it would be impossible to determine to what extent or in what amount the valuation was thereby increased. Judgment will therefore be affirmed in part and reversed in part.

**Jelke** and **Swing, JJ.,** concur.